Benjamin Weisman v. Commissioner.
Weisman v. Commissioner
Docket No. 26460.
United States Tax Court
1951 Tax Ct. Memo LEXIS 240; 10 T.C.M. (CCH) 409; T.C.M. (RIA) 51139; May 8, 1951
*240 Arthur Gottlieb, Esq., for the petitioner. William C. W. Haynes, Esq., for the respondent. HARRON Memorandum Opinion HARRON, Judge: The Commissioner has determined that there is a deficiency in income tax for the year 1944 in the amount of $5,502.40, to which he has added the 50 per cent fraud penalty under section 293 (b) in the amount of $2,751.20. The petitioner filed his return with the collector for the district of Massachusetts. [The Facts] The petitioner admits that he filed a false and fraudulent income tax return for the calendar year 1944; that part of the deficiency in income tax for 1944 is due to fraud with intent to evade tax; and that by reason of the foregoing he is liable under section 293 (b) for the 50 per cent penalty, the addition of 50 per cent of the amount of the deficiency in the petitioner's income tax. The amount of the penalty will be recomputed under Rule 50, upon the basis of the amount of the deficiency in income tax as recomputed, also, under Rule 50, in accordance with our determination in this proceeding. The parties have entered into a stipulation of facts which, together with the admissions of other facts under the pleadings, *241 disposes of some of the issues presented. Effect will be given to the stipulation in the recomputation of the deficiency in income tax under Rule 50. The only question remaining, decision of which affects the recomputation of the income tax and penalty deficiencies, is whether payments made by Colonial Rubber Co., Inc. (all of the stock of which after February 1944 was owned by the petitioner) for the purchase of materials, which payments were in amounts in excess of the established O.P.A. prices for such materials, are includible in Colonial Rubber Co.'s cost of materials sold, so as to be subtracted from its gross receipts of materials sold in computing its gross income. The amount of the petitioner's income tax for 1944 depends upon the amount of profits of Colonial Rubber Co., Inc., for its 1944 fiscal year upon which the petitioner is taxable. The correct amount of the profits of Colonial Rubber Co. turns upon the correct amount of its gross profits from sales in its fiscal year 1944. [Opinion] There has been submitted to the Court the proceeding of Colonial Rubber Co., Inc., Docket No. 26461, and this Court's Memorandum Findings of Fact and Opinion were entered on May 8, 1951, decision *242 to be entered under Rule 50. The parties to this proceeding have agreed that a finding of fact may be made in this proceeding, in accordance with the finding of certain facts and the conclusions of law which are made in the proceeding of Colonial Rubber Co., Inc. Accordingly, the following finding of fact is made: The Colonial Rubber Co., during its 1944 fiscal year paid to West Side Battery and Lead Company the total amount of $2,934.25, cash "side payments" over and above the established O.P.A. ceiling prices for materials which it purchased from West Side. In the proceeding of Colonial Rubber Co., Inc., Docket No. 26461, this Court has concluded as a matter of law, in its Memorandum Findings of Fact and Opinion entered on May 8, 1951, that Colonial Rubber Co. is entitled to include in its costs of materials, entering into its costs of goods sold, the sum of $2,934.25. From that conclusion, and upon the recomputation under Rule 50 in Docket No. 26461, the parties to this proceeding can, and have agreed to, recompute the amount of the profits of Colonial Rubber Co. which is taxable in 1944 to the petitioner. Effect will be given thereto in the Rule 50 recomputation in this proceeding. *243 It has been stipulated that the petitioner, in 1944, diverted to his own use the amount of $20,285.76 out of gross sales of Colonial Rubber Co. in the amount of $22,435.03 in its 1944 fiscal year; that no capital gains are chargeable to petitioner by reason of such diversion of funds; and that the petitioner fraudulently and with intent to evade tax failed to include in his 1944 income the amount of $20,285.76. The parties shall submit to the Court, in accordance with all of the foregoing, recomputation of the deficiencies in income tax and penalty. Decision will be entered under Rule 50.